UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIVE FACE ON WEB, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>INNOVATIVE PAIN MANAGEMENT, LLC,<br><br>      Defendant / Third-Party<br>      Plaintiff,<br><br>  v.<br><br>SOLUTION 21, INC.,<br><br>      Third-Party Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>Civil No. 14-3779 (JEI/AMD)<br><br>**OPINION** |

**APPEARANCES:**

LAW OFFICE OF JASON RABINOVICH, PLLC
By:  Jason L. Rabinovich, Esq.
1700 Market Street
Suite 1005
Philadelphia, PA 19103
      Counsel for Plaintiff

LINDABURY, MCCORMICK, ESTABROOK & COOPER, P.C.
By:  Monica Vir, Esq.
53 Cardinal Drive
P.O. Box 2369
Westfield, New Jersey 07091
      Counsel for Defendant / Third-Party Plaintiff

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
By:  Dante C. Rohr, Esq.
Woodland Falls Corporate Park, Suite 300
200 Lake Drive East
Cherry Hill, New Jersey 08002
      Counsel for Third-Party Defendant

**IRENAS,** Senior United States District Judge:

This is a copyright infringement suit. Plaintiff, Live Face on the Web, LLC ("LFOW"), in a series of separate suits[1], asserts that various defendants-- including the Defendant to this suit, Innovative Pain Management, LLC ("IPM")-- has infringed LFOW's copyrighted computer code.

IPM has filed a Third-Party Complaint against Solution 21, Inc., which allegedly provided the infringing software to IPM. The Third-Party Complaint asserts claims for contribution and indemnification, as well as breach of contract, negligent misrepresentation, and New Jersey Consumer Fraud Act claims.

Solution 21 presently moves, pursuant to Fed. R. Civ. P. 12(b)(2), to dismiss the Third-Party Complaint for lack of personal jurisdiction, or alternatively, pursuant to 28 U.S.C. § 1404(a), to transfer the third-party action to the United States District Court for the Southern District of California.

---

[1] Several suits are presently pending before the undersigned, *see, e.g., Live Face on Web, LLC v. Emerson Cleaners, Inc.*, 66 F. Supp. 3d 551 (D.N.J. 2014); *Live Face on Web, LLC v. Unlimited Office Solutions, LLC*, 2014 U.S. Dist. LEXIS 171401 (D.N.J. Dec. 11, 2014*); Live Face on Web, LLC v. Linvas Corp.*, 2014 U.S. Dist. LEXIS 171663 (D.N.J. Dec. 11, 2014), and other suits have been filed in other courts. *See, e.g., Live Face on Web, LLC v. Tweople, Inc.*, 2014 U.S. Dist. LEXIS 171447 (M.D. Fla. Dec. 11, 2014); *Live Face On Web, LLC v. iSpeakVideo.com*, 2012 U.S. Dist. LEXIS 71356 (E.D. Pa. May 22, 2012); *Live Face on Web, LLC v. Highview Travel, LLC*, 2012 U.S. Dist. LEXIS 8697 (E.D. Pa. Jan. 25, 2012).

2

For the reasons stated herein, the Motion will be denied in its entirety.

**I.**

The alleged facts supporting the principal suit have been set forth in previous opinions, *see* fn. 1 *supra*, and will not be repeated at length here. Suffice it to say that LFOW asserts that by employing "live-spokesperson" technology on IPM's website, IPM has infringed LFOW's copyrighted computer code.

According to the Third-Party Complaint, IPM-- a New Jersey limited liability company located in Keansburg, New Jersey[2]-- obtained this live-spokesperson capability by purchasing it from Third-Party Defendant Solution 21.

Solution 21 specializes in providing "custom website design" and development services to health care providers such as IPM. (Third-Party Complaint, ¶ 10) In the summer of 2011, IPM was looking for a web developer to build IPM's website, and found Solution 21's website through an internet search engine. (Id. ¶ 13) In July, 2011, IPM "contacted" Solution 21, and "Solution 21 agreed to develop a website for IPM." (Parivini Decl. ¶ 9)

---

[2] IPM's website is "jerseypaindoctor.com." (Third-Party Compl. ¶ 21)

3

According to the certification of Solution 21's President, Solution 21 "is a California company with its principal place of business in Irvine, California." (Parivini Decl. ¶ 3)

It appears that most, if not all, of the communications between Solution 21 and IPM occurred through Solution 21's website, or through email. (See Parvini Decl. ¶ 13; Yen Cert. ¶ 11)  At the very least, there is no evidence before the Court suggesting that any in-person meeting, or even a phone call, ever took place.

"In or about September, 2011, . . . IPM purchased a website spokesperson services and technology product from Solution 21" (Third-Party Compl. ¶ 15), for $4,999.00. (Yen Cert. ¶ 8) Additionally, "IPM purchased website hosting services from Solution 21 at a recurring charge of $99.00 per month." (Id. ¶ 9)  Solution 21 provided hosting services to IPM from September, 2011, through May, 2014.[3]  (Id. ¶ 12)

"All work by Solution 21 relating to the website designed and developed by it for IPM was performed in California." (Parvini Decl. ¶ 11)  On September 27, 2011, Solution 21 "completed its initial design of IPM's website," and on that same day, delivered to IPM, via email, the internet address for the website. (Id. ¶ 12-13)

---

[3] IPM was served with the Complaint in the principal action on January 14, 2014.

The September 27, 2011 email contained a link to Solution 21's "Terms and Conditions of Use" which provide, in relevant part,

> By using this [website] and or our service, you agree and consent to following [sic] Terms and Conditions. If you do not agree to all of these Terms and Conditions of use, do not use this site!  As a client you are required to agree with these terms in order to use our products and services.
>
> . . . .
>
> 13- JURISDICTION.
>
> You expressly agree that exclusive jurisdiction for any dispute with Solution21 Inc. (DBA Dentistry21), or in any way relating to your use of the Solution21 Inc. (DBA Dentistry21) Websites, resides in the Courts of the County of Orange, State of California and you further agree and expressly consent to the exercise of personal jurisdiction in the courts of the County of Orange in [sic] State of California in connection with any such dispute including any claim involving Solution21 Inc. (DBA Dentistry21) or its affiliates, subsidiaries, employees, contractors, officers, directors, [etc.].

(Parivini Decl. Ex. 3)

**II.**

**A.**

The personal jurisdiction analysis under Fed. R. Civ. P. 12(b)(2) is well-established and well-known.  Because the reach of New Jersey's long-arm statute, N.J. Ct. R. 4:4-4(c), is coextensive with the Due Process Clause of the United States Constitution, this Court inquires whether exercising

jurisdiction over the defendant comports with "'traditional notions of fair play and substantial justice.'" *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The defendant must have "sufficient minimum contacts with New Jersey" to support the exercise of personal jurisdiction over it. *Id.* at 149.

### B.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

### III.
### A.

The Court holds that Solution 21 had sufficient contacts with IPM in New Jersey to support the exercise of specific jurisdiction. *See Carteret Sav. Bank*, 954 F.2d at 149 ("Specific jurisdiction is invoked when the claim is related to or arises out of the defendant's contacts with the forum.").

Solution 21 created a customized website for IPM-- a New Jersey medical practice physically located in New Jersey-- and

6

then delivered that website (via email) to IPM in New Jersey. Thereafter, Solution 21 maintained a relationship with IPM, whereby it provided monthly web hosting services to IPM for approximately two and a half years, until IPM terminated the relationship.

Under these circumstances, Solution 21 cannot reasonably assert that it is surprised to find itself defending IPM's suit here in New Jersey. The facts sufficiently support the conclusion that Solution 21 purposefully directed its activities at New Jersey. *See generally Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

The Motion to Dismiss will be denied.

**B.**

As to the transfer motion, Solution 21 correctly observes that "when a defendant files [a motion to transfer under § 1404(a) to enforce a forum selection clause] a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atlantic Marine Construction Co., Inc., v. U.S. District Court for the Western District of Texas*, 134 S.Ct. 568, 575 (2013). The flaw in Solution 21's argument, however, is that Solution 21 does not seek to transfer the third-party action to the agreed-upon forum; the parties' forum selection

clause selects "the courts of the County of Orange, State of California," but Solution 21 seeks to transfer the third-party action to the U.S. District Court for the Southern District of California.[4] Thus, Solution 21 is not seeking to enforce the parties' forum-selection clause, and *Atlantic Marine* is inapplicable. *See Atlantic Marine*, 134 S.Ct. at 581 ("When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case *to the forum specified in that clause.*") (emphasis added).

Instead, IPM's choice of forum is entitled to deference. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995). A transfer is only warranted if "on balance the litigation would *more* conveniently proceed and the interests of justice be *better* served by transfer to" the Southern District of California. *Id.* at 879 (emphasis added); *see also Shutte v. Amco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) ("unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail.") (emphasis added); *cf. Atlantic Marine*, 134 S.Ct. at 581 n.6 (stating that in the absence of a forum-selection clause, "[t]he Court must [] give some weight to the plaintiffs' choice of forum.").

---

[4]  Because the parties have not addressed the issue, the Court assumes without deciding that under § 1404(a), it is legally permissible to transfer only the third-party action, effectively severing the third-party action from the principal suit.

Moreover, in this case, the public interest factors, which the Court always considers-- forum-selection clause or not, *Atlantic Marine*, 134 S.Ct. at 502-- do not favor transfer.

First, IPM's claims against Solution 21 arise under New Jersey law, not California law. *Cf. Jumara*, 55 F.3d at 882-83 (observing that there was no "disparity in qualifications" between the Eastern District of Pennsylvania and the Middle District of Pennsylvania in "pass[ing] on . . . Pennsylvania law."); *see also Atlantic Marine*, 134 S.Ct. at 581 n.6 (observing that in the absence of an enforceable forum-selection clause, in evaluating a transfer motion, a district court should consider, among other factors, "'the interest in having the trial of a diversity case in a forum that is at home with the law.'") (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n.6 (1981)).

Second, considerations of judicial economy weigh heavily against transfer because a transfer would split apart a unitary case.[5] IPM's indemnification and contribution claims, which are dependent upon the outcome of LFOW's claims against IPM, would be litigated on an entirely different schedule in a completely separate court. The administrative difficulties that would

---

[5] Assuming such a result is even possible, *see* fn. 4, *supra*.

arise in both this Court and the Southern District of California strongly militate against transfer.

The Motion to Transfer will be denied.

**IV.**

Based on the foregoing, Solution 21's Motion will be denied in its entirety. An appropriate Order accompanies this Opinion.

Date:  August 5, 2015

\_  s/ Joseph E. Irenas_____
JOSEPH E. IRENAS, S.U.S.D.J.